[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13283
Non-Argument Calendar

_____

D. C. Docket No. 06-02063-CV-T-17-TBM

IPHARMACY.MD,
TERRY L. BUTLER,

Plaintiffs-Appellants,

versus

MICHAEL B. MUKASEY,
Attorney General of the United States, sued in his
official capacity,
KAREN P. TANDY,
Administrator, Drug Enforcement Administration,
sued in her official capacity,
MARK W. EVERSON,
Commissioner of the Internal Revenue Service, sued
in his official capacity,
ROBERT E. O'NEILL,
United States Attorney for the Middle
District of Florida, sued in his official
capacity,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Florida
_____

**(March 11, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Terry Butler and Ipharmacy appeal the dismissal of their complaint for lack of jurisdiction. The district court concluded that their complaint is not ripe. We affirm.

## I. BACKGROUND

Butler is the owner of Ipharmacy, which sold products, including controlled substances, on-line. In 2005, the United States Attorney for the Middle District of Florida filed a complaint for civil forfeiture of property that Butler and Ipharmacy owned. The property was seized. In March 2007, the civil forfeiture proceeding was stayed pending the resolution of a criminal investigation.

On October 27, 2006, Butler filed a complaint for a declaratory judgment, 28 U.S.C. § 2201(a), that the defendants cannot prohibit a legitimate doctor-patient relationship without a face-to-face meeting and the defendants cannot interfere with the "operation of legitimate electronic commerce in pharmaceuticals." The

complaint also sought an injunction to bar the defendants from interfering with Ipharmacy and the return of the assets and documents seized in the civil forfeiture proceeding.

The complaint contends that the practices of Ipharmacy comply with the federal law that regulates the prescription of controlled substances. "Congress devised a closed regulatory system making it unlawful to . . . distribute, dispense, or possess any controlled substance except in a manner authorized by the [Controlled Substances Act]." Gonzales v. Raich, 545 U.S. 1, 13, 125 S. Ct. 2195, 2203 (2005) (citing 21 U.S.C. §§ 841(a)(1), 844(a)). "A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04(a).

In 2001, the Drug Enforcement Administration issued written guidance that "a bona fide doctor/patient relationship" is required to comply with the Act. Dispensing and Purchasing Controlled Substances over the Internet, 66 Fed. Reg. 21,181, at 12,182 (Apr. 27, 2001). The guidance stated that, under the laws of many states, the completion of a questionnaire reviewed by a doctor without face-to-face contact with a patient is not sufficient to establish a doctor-patient relationship. Id. at 12,183. The Administration has clarified that its guidance

3

reflects its understanding of "state laws and existing professional standards," which govern doctor-patient relationships. Kamir Garces-Mejias, M.D., Revocation of Registration, 72 Fed. Reg. 54,931, at 54,935 n.4 (Sept. 27, 2007).

The district court dismissed the complaint for lack of jurisdiction. The district court concluded that the dispute was not ripe and there was no final agency action for review. The district court also concluded that Butler could not collaterally challenge the civil forfeiture proceeding.

## II. STANDARD OF REVIEW

We review challenges to subject matter jurisdiction de novo. Elend v. Basham, 471 F.3d 1199, 1204 (11th Cir. 2006).

## III. DISCUSSION

The jurisdiction of federal courts is limited by the requirement of the Constitution that federal courts consider only "cases" and "controversies." U.S. Const. Art. III, § 2. "The ripeness doctrine is 'drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" Nat'l Park Hospitality Ass'n v. Dep't of Interior, 538 U.S. 803, 808, 123 S. Ct. 2026, 2030 (2003) (quoting Reno v. Catholic Soc. Servs., Inc., 509 U.S. 43, 57 n.18, 113 S. Ct. 2485, 2495 n.18 (1993)). This doctrine allows us to avoid "'entangling ourselves in abstract disagreements,' and also to shield agencies from

4

judicial interaction 'until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" Konikov v. Orange County, Fla., 410 F.3d 1317, 1322 (2005) (quoting Abbot Labs. v. Gardner, 387 U.S. 136, 148–49, 87 S. Ct. 1507, 1515 (1967)).

Whether a claim is ripe depends on "1) whether the issues are fit for judicial decision and 2) the hardship to the parties of withholding court consideration." Id. One consideration for determining whether a challenge to an agency action is ripe is whether that action is "final." Atlanta Gas Light Co. v. Fed. Energy Regulatory Comm'n, 140 F.3d 1392, 1404 (11th Cir. 1998). The district court concluded the complaint of Butler and Ipharmacy was not ripe, because it did not concern a final action of the Drug Enforcement Administration.

We agree with the district court that the complaint does not concern a ripe controversy. An agency action can be final only if it "affects the legal rights and obligations of the parties." Tenn. Valley Auth. v. Whitman, 336 F.3d 1236, 1248 (11th Cir. 2003). The guidance issued in 2001 by the Administration that clarified its understanding of state law creates no legal obligation, and the decision of an agency to investigate someone does not affect that person's legal rights, see Sec. Exch. Comm'n v. Jerry T. O'Brien, Inc., 467 U.S. 735, 742, 104 S. Ct. 2720, 2725 (1984). Because the Administration has made no final decision regarding how it

will interpret the Controlled Substances Act, we conclude that a challenge to a possible future interpretation is not ripe. Any challenge to future investigations by the Drug Enforcement Administration also is not ripe. Ipharmacy and Butler also offer no authority for a collateral attack of a pending civil forfeiture action.

The dismissal of the complaint is **AFFIRMED**.